United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

NEIL COSTANZO, et al.,
Plaintiffs,
v.
DXC TECHNOLOGY COMPANY, et al.,
Defendants.

Case No. 19-cv-05794-BLF

**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND**

This is a putative class action pursuant to Sections 11 and 15 of the Securities Act of 1933 (the "Securities Act") arising from the prospectus and registration statement (the "Registration Statement") issued in connection with the merger of Computer Sciences Corporation and the Enterprise Services division of Hewlett Packard Enterprise Company completed in April 2017. Second Amended Complaint ("SAC"), ECF 78. Before the Court is Defendants' Motion to Dismiss the Second Amended Complaint. Motion, ECF 79. The Court heard oral arguments on April 29, 2021. For the reasons stated on the record at the hearing and memorialized below, the Court GRANTS Defendants' Motion WITH LEAVE TO AMEND.

Defendants' instant motion marks the second occasion on which the Court has considered Plaintiffs' pleadings. The Court previously dismissed Plaintiffs' First Amended Complaint. ECF 75. Among other things, this Court concluded that Plaintiffs failed to sufficiently allege that DXC President and CEO Michael Lawrie's $ 2.7 billion cost-cutting goal was "anything more than an aspirational internal target or that it was actually achieved (or was even meant to be achieved)." *Id.* at 11. The Court further stated that it was not persuaded that the challenged statements were exempt from the PSLRA Safe Harbor and that cautionary statements in the Registration Statement sufficiently warned investors of relevant risks. *Id.* at 13, 15.

Plaintiffs' amendments in the SAC are straightforward. ECF 78-1 (redlined version of the SAC). The complaint's core theory of falsity remains the same: DXC's Registration Statement projecting $1 billion in cost reductions in the Company's first year was materially misleading because DXC had an undisclosed plan to cut $2.7 billion in costs in that first year. SAC ¶¶ 90-91. The SAC contains new allegations from three confidential witnesses ("CWs") that Plaintiffs believe establish that the $2.7 billion target was not aspirational, but rather a real target that managers were expected to achieve. *See* ECF 81 at 8-9; SAC ¶¶ 79-88.

The Court has reviewed the amendments and finds that the CW allegations fail to establish the time frame over which DXC sought to accomplish its cost cutting goal. SAC ¶¶ 79-83. While CW1's allegations appear to establish that he or she had regular access to the kind of budgetary information that would be relevant to Plaintiffs' theory of falsity, more particularity is needed regarding the timing of the cuts. For example, while CW1 alleges that executive bonuses were tied to budget cuts, he or she does not allege that the bonuses incentivized executives to achieve the cuts *within one year*. *See id*. ¶ 80. Indeed, the Registration Statement does not preclude DXC from making additional cuts beyond the Company's first year.

Finally, the Court remains concerned that the statements at issue are inactionable as a matter of law. *See* ECF 75 at 11-21; ECF 82 at 5-11. The Court prefers to consider this question in the context of Plaintiffs' best pleading and will reserve further discussion on the issue. Nonetheless, any amendments by Plaintiffs and any subsequent motion practice by the parties should be undertaken with this concern in mind.

Plaintiffs SHALL file a third amended complaint **no later than June 1, 2021**.

**IT IS SO ORDERED.**

Dated: April 29, 2021

BETH LABSON FREEMAN
United States District Judge